Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| JOSÉ M. TORAL MUÑOZ<br><br>Demandante Recurrido<br><br>v.<br><br>**RAFAEL CINTRÓN PERALES**, JUAN CARLOS VEGA, FUNDACIÓN RIGOBERTO FIGUEROA FIGUEROA CORP.<br><br>Demandados **Peticionario** | TA2025CE00282 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>G 2024CV00980<br><br>Sobre:<br>Destitución de Albacea, Restitución de Dinero |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de agosto de 2025.

Examinados los escritos presentados por las partes en el caso de epígrafe, se deniega el auto de *certiorari* solicitado junto a la moción de auxilio de jurisdicción desde hoy pendiente. A pesar de la barroca y distendida argumentación expuesta en la petición de *certiorari*, lo cierto es que la solicitud específica de esta remite estrictamente a la recusación de los licenciados José A. Hernández Mayoral y Guillermo San Antonio Acha. Sin embargo, no se advierte que el peticionario, el Lcdo. Rafael Cintrón Perales, haya articulado una causa concreta susceptible de considerar como demostrativa de una violación a la normativa forense que convierta los fundamentos elocuentemente esgrimidos por el Tribunal de Primera Instancia en un abuso de su discreción.

Adviértase que el auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V), como de conformidad con los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018). En particular, en *Job Connection Center v. Sups. Econo*, 185 DPR 585 (2012), se aclaró que las descalificaciones de abogado son susceptibles de considerar vía *certiorari*.

Por su parte, la Regla 9.3 de las Reglas de Procedimiento Civil, *supra*, establece que, en el ejercicio de su poder inherente para supervisar la conducta de los miembros de la profesión legal, un tribunal puede descalificar a un abogado que incurra en conducta que constituya un obstáculo para la sana administración de la justicia o que infrinja sus deberes hacia el tribunal, sus representados o compañeros abogados. El Tribunal de Primera Instancia puede ordenar la descalificación de un representante legal cuando ello abone a la adecuada marcha de un litigio y sea necesario para la solución justa, rápida y económica de los pleitos. *ORIL v. El Farmer, Inc.*, 204

DPR 229 (2020); *Meléndez v. Caribbean Int'l. News*, 151 DPR 649 (2000). Una orden de descalificación puede proceder ya sea para prevenir una violación a cualquiera de los Cánones de Ética Profesional o para evitar actuaciones disruptivas de los abogados durante el trámite de un pleito. *ORIL v. El Farmer, Inc.*, *supra*.

En tal sentido, la descalificación puede ser ordenada por el tribunal *motu proprio* o a solicitud de una parte. Íd. Cuando es el tribunal el que dicta *motu proprio* la descalificación, no es necesario que aporte prueba sobre una violación ética, ya que la apariencia de impropiedad podrá ser utilizada, en caso de duda, a favor de la descalificación. Íd.; *Meléndez v. Caribbean Int'l. News*, *supra*; *Liquilux Gas Corp. v. Berríos, Zaragoza*, 138 DPR. 850 (1995). Tampoco se requiere aportar prueba de una violación ética cuando la descalificación responde a la necesidad de un juez de agilizar el trámite de un pleito. *ORIL v. El Farmer, Inc.*, *supra*.

En cambio, cuando es una parte quien solicita la descalificación de un representante legal, la mera presentación de una moción de descalificación no conlleva automáticamente la concesión de la petición en cuestión. Íd.; *Job Connection Center v. Sups. Econo*, 185 DPR 585 (2012). El tribunal deberá ser persuadido a la luz de un análisis de la totalidad de las circunstancias que, entre otras consideraciones, pese (1) si quien solicita la descalificación tiene legitimación activa para invocarla; (2) la gravedad de la posible violación ética involucrada; (3) la complejidad del derecho o los hechos pertinentes a la controversia y pericia de los abogados implicados; (4) la etapa de los procedimientos en que surja la controversia sobre descalificación y su posible efecto en cuanto a la solución justa,

rápida y económica del caso, y (5) el propósito detrás de la descalificación, es decir, si la moción está siendo utilizada como mecanismo para dilatar los procedimientos. *ORIL v. El Farmer, Inc.*, *supra*. *Job Connection Center v. Sups. Econo*, *supra*. Otra situación en la cual la solicitud es considerada frívola y debe ser denegada es cuando se presenta a los únicos fines de intimidar al adversario. Íd. (citando a M. A. Velázquez Rivera, *Procedimiento Civil*, 67 Rev. Jur. UPR 775 (1998)).

A tales efectos, el tribunal le deberá brindar la oportunidad al representante legal, cuya descalificación está siendo solicitada, a fin de que sea oído y pueda presentar prueba en su defensa antes de que el tribunal resuelva la solicitud. *Job Connection Center v. Sups. Econo*, *supra*. De esta manera, se cumplen con las exigencias del debido proceso de ley. Íd.; *Meléndez v. Caribbean Int'l. News*, *supra*.

Asimismo, el Tribunal Supremo ha expresado que la determinación de derecho del Tribunal de Primera Instancia de descalificar a un abogado es una decisión impregnada de un alto grado de discreción que tiene dicho foro en el manejo procesal de un caso. *Job Connection Center v. Sups. Econo*, *supra*.; *Meléndez v. Caribbean Int'l. News*, *supra*. De esta forma, su revisión por vía del *certiorari* reitera que tal discreción queda resguardada excepto ante el abuso de discreción del foro recurrido o su actuación parcial, prejuiciada o patentemente errónea. *Job Connection Center v. Sups. Econo*, *supra*; *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170 (1992).

En el presente caso, sin embargo, la argumentación del peticionario se agota en el que licenciado Hernández Mayoral formó una relación abogado-cliente con el licenciado Cintrón Perales; los

licenciados Hernández Mayoral y San Antonio Acha también han representado al señor Toral Muñoz, en su carácter personal, en otros casos; y la Junta de Directores no está debidamente constituida por lo que Toral Muñoz no tenía facultad para designar representación legal. No obstante, el Tribunal de Primera Instancia concluyó que (1) el licenciado Cintrón Perales no estableció que entre él y el licenciado Hernández Mayoral—y mucho menos con el licenciado San Antonio Acha—existiera una relación abogado-cliente por vía de solo presentar ciertas comunicaciones sobre cuentas del señor Rigoberto Figueroa; (2) el uso de información confidencial que pudiera conocer el licenciado Hernández Mayoral sobre la Fundación contra del licenciado Cintrón Perales quedó devaluada como posibilidad en virtud de la posición de neutralidad asumida por la Fundación; (3) el Artículo 22.6 de los Estatutos Corporativos de la Fundación Rigoberto Figueroa Figueroa Corp. permite que el Presidente de la Junta de Directores ejercer la representación de la fundación en juicio y fuera de él; y (4) el señor Toral Muñoz y la Fundación son al fin y al cabo entidades distintas.

Lo cierto es que, ante la solvencia de los razonamientos del Tribunal recurrido, al Peticionario no le bastaba presentar una teoría alternativa a la adoptada por dicho foro, sino debía aportar argumentos en demostración de la inviabilidad racional de la misma y/o del desacierto del foro recurrido a la luz de la totalidad de las circunstancias. Argumentos que establecieran que la actuación judicial desbordó el ámbito de su discreción o constituyó una actuación perjudicial, parcial o manifiestamente errónea. Ello no ocurrió.

Por las consideraciones anteriores, se deniega el auto de *certiorari* solicitado y, junto con este, la moción de auxilio de jurisdicción pendiente.

**Notifíquese de inmediato a todas las partes.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones